IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| A.A.S., | : |
|     Plaintiff, | : |
| v. | : Case No: 3:20-CV-74-MSH |
| | : Social Security Appeal |
| COMMISSIONER OF SOCIAL SECURITY, | : |
|     Defendant. | : |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's applications for supplemental security income and disability insurance benefits, finding that she is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (internal quotation marks omitted). The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005) (per curiam). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The Court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam). The claimant's "burden is a heavy one, so stringent that it has been described as bordering on the unrealistic." *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits or supplemental security income must demonstrate that they suffer from an impairment that prevents them from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments or supplemental security income, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq.*; 20 C.F.R. § 416.101 *et seq.*

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(1).  First, the Commissioner determines whether the claimant is working.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled.  *Id.* §§ 404.1520(b), 416.920(b).  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  A claimant must have a "severe impairment" which is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities."  *Id.* §§ 404.1520(c), 416.920(c).  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 to subpart P of Part 404 of the regulations (the "Listing").  *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  Fifth and

3

finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.* §§ 404.1523(c), 416.923(c).  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 806 (11th Cir. 2013) (per curiam).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits and supplemental security income on August 16, 2017, alleging that she became disabled to work on July 30, 2016.  Her applications were denied initially on December 21, 2017, and upon reconsideration on February 14, 2018.  She timely requested an evidentiary hearing before an ALJ on March 12, 2018, and the hearing was held on July 10, 2019.  Plaintiff appeared with her attorney and testified, as did an impartial vocational expert ("VE").  Tr. 19.  On August 27, 2019, the ALJ issued an unfavorable written decision denying Plaintiff's claims.  Tr. 16-35.  She next sought review by the Appeals Council but was denied on April 23, 2020.  Tr. 1-6.  Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying her applications.  Her case is ripe for review.  42 U.S.C. §§ 405(g), 1383(c)(3).

**STATEMENT OF FACTS AND EVIDENCE**

On the date she alleges that she became disabled to work, Plaintiff was forty-nine years old and defined as a "younger individual" under the Commissioner's regulations. Finding 7, Tr. 28; 20 C.F.R. §§ 404.1563(c), 416.963(c). She has a high school education and past relevant work as a medical assistant, home attendant, and material handler. Findings 8, 6, Tr. 27-28. In conducting the five-step sequential analysis used by the Commissioner in evaluating claims for disability, the ALJ found, at step two, that Plaintiff has severe impairments of bipolar disorder and borderline personality disorder. The ALJ found no exertional, postural, or environmental impairments, and Plaintiff does not contest the step-two analysis. Finding 3, Tr. 22. At step three, the ALJ determined that these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 22-24. Between steps three and four, she determined Plaintiff retains the RFC to perform a full range of work at all levels with limitations to simple instructions and occasional contact with the public and coworkers. Finding 5, Tr. 24-27. At step four, the ALJ found that this restricted RFC prevents Plaintiff from returning to her past relevant work. Finding 6, Tr. 27-28. At step five, however, the ALJ established through the testimony of the VE that Plaintiff can work as a laundry worker, cleaner, or hand packager and that these jobs are available to Plaintiff in the national economy. Finding 10, Tr. 28-29. She, therefore, found Plaintiff to be not disabled to work. Finding 11, Tr. 29.

**DISCUSSION**

Plaintiff contends that the ALJ did not "properly weight" opinion evidence and did

not reconcile limitations from an opinion which she accepted.  Pl.'s Br. 1, ECF No. 19.  Because Plaintiff filed her applications after March 27, 2017, the Commissioner's revised regulations apply to the evaluation of her claims.  Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017); *see* 20 C.F.R. §§ 404.1520c, 416.920c.  These revised regulations do not require that the ALJ give specific evidentiary weight to a medical source's opinion.  20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Rather, the revised regulations require that the ALJ explain whether she finds a medical source's opinion to be persuasive considering its supportability in, and consistency with, the medical evidence.  *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).  Persuasive medical opinions are supported by relevant, objective medical evidence, explained by the source, and consistent with other medical and nonmedical sources.  *Id.* §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

Here, the ALJ found the opinion of Irma Best, a state-agency psychological consultant, to be persuasive.  Tr. 26.  She carefully pointed out that Dr. Best referenced relevant and objective medical evidence which supported her findings.  *Id.*  She further found that the mental limitations Dr. Best assessed Plaintiff to have were consistent with the records of Plaintiff's treatment at Advantage Behavioral Health.  Tr. 26-27.  In her RFC formulation, however, the ALJ did not include the limitation to work in a low stress, structured environment which Dr. Best considered present in her opinion.  But the ALJ explained her reason for not doing so, finding this additional limitation to be inconsistent with Dr. Best's conclusions that Plaintiff can adapt and manage herself.  Tr. 27.

Plaintiff contends that based on Dr. Best's opinion, the ALJ should have included a

limitation to little contact with supervisors or authority figures. Pl.'s Br. 19. But when asked whether she could work as a cleaner at night when other coworkers or supervisors are not present, Plaintiff conceded that she could. Tr. 42. On examination by her attorney, she testified that such work "was perfect" for her in past employment, and when asked by her counsel whether she could interact "at all or occasionally" with supervisors or authority figures, she testified, "I can. I can deal with [it] on occasions." Tr. 47.

The decision by the ALJ to reject any portion of Dr. Best's opinion limiting her contact with supervisors or coworkers is well supported by substantial evidence in the form of Plaintiff's own testimony. Plaintiff has the burden of proving that she is disabled to work through the first four steps of the sequential analysis. After the Commissioner meets his burden at the first part of step five by showing that jobs exist which a claimant can do and are available, Plaintiff must then prove that she cannot do the jobs identified. *Williams v. Barnhart*, 140 F. App'x 932, 936 (11th Cir. 2005) (per curiam). Plaintiff has clearly failed to meet her burden and her contention of error lacks merit.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 22nd day of September, 2021.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE